**AMENDED - IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**

| Fill in this information to identify your case: |
| --- |

**Debtor 1**  Rommie Beau Hill, II
Name: First Middle Last

**Debtor 2**
(Spouse, if filing)   Name: First Middle Last

**Case number**       19-81211-13  Amendment Only to Number 6.2
(if known)

Check if this is an amended plan ☒

Amends plan dated:  April 19, 2019

# Chapter 13 Plan

| Part 1: | Notices |
| --- | --- |

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, and administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

- ☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.
- ☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.
- ☐ The plan sets out nonstandard provision(s) in Part 9.

| Part 2: | Plan Payments and Length of Plan |
| --- | --- |

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

$ 689.56 per month for 60 months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2 Regular payments to the trustee will be made from future income in the following manner (check all that apply):**

- ☒ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:  the City of Huntsville
- ☐ Debtor(s) will make payments directly to the trustee

Case 19-81211-CRJ13    Doc 14    Filed 04/22/19    Entered 04/22/19 16:49:51    Desc Main
Document      Page 1 of 8

☐ Other (specify method of payment) _____.

**2.3 Income tax refunds and return.** *Check one.*

☒ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☐ Debtor(s) will treat income tax refunds as follows:

☐ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

**2.4 Additional Payment** *check all that apply:*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) to the trustee from proceeds of claim(s), cause(s) of action, lawsuit(s), settlement(s), or judgment award(s), as specified below:

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment:

**2.5 Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

**Part 3:**    **Treatment of Secured Claims**

**3.1 Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (Including Escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|---|
| Citizens Bank & Trust | Home and lot at 319 Butler Lane, New Hope, AL  35760 | $55,226.86 | $495.00 Disbursed by: Debtor To begin: | | | | |
| Citizens Bank & Trust | Cure of Default on house & lot at 319 Butler Lane, New Hope, AL  35760 | $4,400.00 | $74.00 Disbursed by: Trustee To begin: 06/01/19 | $4,400.00 | 7 | $74.00 | July 1, 2019 |

**3.2 Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**The rest of § 3.2 will be effective only if the applicable box in Part 1 of this plan is checked.**

☐ Debtor(s) request that the court determine the value(s) of the collateral and the amount(s) of the secured claim(s) listed below. For each nongovernmental secured claim listed below, Debtor(s) state that the amount of the secured claim should be the *lesser* of (a) the amount of the secured claim listed on the creditor's proof of claim and (b) the amount set out in the column headed *Amount of secured claim.* For each listed claim, the amount of the secured claim will be paid in full with interest at the rate stated below. *If a non-governmental creditor timely objects to the proposed value of the creditor's collateral or the proposed amount of the creditor's secured claim, the confirmation hearing shall include a valuation hearing pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 3012 unless otherwise ordered. If a non-governmental creditor whose claim is listed below fails to timely object, the creditor shall be deemed to have accepted the amount and treatment of the creditor's secured claim as set forth below.*

For non-governmental creditors, unless otherwise provided by this plan or otherwise ordered, the portion of any allowed claim that exceeds the amount of the secured claim listed below will be treated as an unsecured claim under Part 5 of this plan, and, if the amount of a creditor's secured claim is listed below as having a value of zero, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. For non-governmental creditors, unless otherwise ordered, the amount of the creditor's total claim listed on the proof of claim or amended claim controls over any contrary amounts listed below, but the amount of that creditor's secured claim, the value of the collateral, and the interest rate are controlled by the plan.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien until the earlier of:

(a)     payment of the underlying debt determined under non-bankruptcy law, or

(b)     discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

For secured claims of governmental units, unless otherwise ordered, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Secured Claim | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|---|
|  | $ | $ |  | $ | $ | % | $ |  |

**3.3 Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☐ The claims listed below:
    1.   were incurred within 910 days before the petition date and secured by a purchase-money security interest in a motor vehicle acquired for the personal use of Debtor(s), or
    2.   were incurred within 1 year of the petition date and secured by a purchase-money security interest in any other thing of value, or
    3.   are fully secured.
These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee as specified below. Unless otherwise ordered, the amount stated on a proof of claim or amended proof of claim controls over any contrary amount listed below as to the estimated amount of the creditor's total claim, but the interest rate is controlled by the plan.

The holder of any claim listed below will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
|  | $ | $ |  |  | % | $ |  |

**3.4 Section 522(f) judicial lien and nonpossessory, nonpurchase money ("Non-PPM") security interest avoidance.** *Check all that apply.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**The rest of § 3.4 will be effective only if the applicable box in Part 1 of this plan is checked**

☐ **Total avoidance.** Debtor(s) seek to totally avoid the judicial lien(s) or Non-PPM security interest(s) securing the claim(s) listed below because each impairs Debtor(s)' available exemption(s) and the extent of the impairment equals or exceeds the amount of the lien or security interest. Unless otherwise ordered by the court, a judicial lien or Non-PPM security interest securing a claim listed below will be avoided in its entirety (as to the property described) upon entry of the order confirming the plan, and, unless otherwise provided by this plan or otherwise ordered, the creditor's entire claim will be treated as an unsecured claim in Part 5 to the extent allowed. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *(This section should be used if, after deducting the amount(s) of Debtor(s)' available exemption(s) and of any mortgage lien(s) or other unavoided lien(s) and security interest(s) that encumber the subject property, Debtor(s) have no equity in the property.)*

Case 19-81211-CRJ13    Doc 14    Filed 04/22/19    Entered 04/22/19 16:49:51    Desc Main Document     Page 3 of 8

| Name of Creditor | Amount of Lien or Non- PPM Security Interest | Proof of Claim Number (if a claim is filed) | Property Description (For a judicial lien, "the real and personal property of the judgment debtor situated in the count(ies) where the judgment lien is recorded" may be sufficient property description. For a Non-PPM security interest, describe the items pledged as collateral for the claim.) | Lien Identification (For a judicial lien, provide the recording information for the instrument that gave rise to the judicial lien, including the date of the recording, the book and page numbers or instrument number, and the county of the recording office. For a Non-PPM security interest, list the date of the security agreement, the UCC filing number, or other identifying information.) |
|---|---|---|---|---|
| | $ | | | |

☐ **Partial avoidance. Debtor(s)** seek to partially avoid the judicial lien(s) or Non-PPM security interest(s) securing the claim(s) listed below because each impairs Debtor(s)' available exemption(s) and the extent of the impairment is less than the amount of the lien or security interest. Unless otherwise ordered, a judicial lien or Non-PPM security interest securing a claim listed below will be avoided to the extent that it impairs such exemption(s) upon entry of the order confirming the plan. The amount of the judicial lien or Non-PPM security interest that is not avoided will be paid in full as a secured claim under the plan, as set forth below. Unless otherwise provided by this plan or otherwise ordered, the amount by which the creditor's claim exceeds the amount of the secured claim listed below shall be paid as an unsecured claim in Part 5 to the extent allowed. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *(If more than one lien or security interest is to be partially avoided, a separate chart must be used for each. Insert additional charts in § 3.4 as needed.)*

| Information Regarding Judicial Lien or Non-PPM Security Interest | Calculation of Judicial Lien or Non-PPM Security Interest Avoidance | Treatment of Remaining Secured Claim |
|---|---|---|
| **Name of Creditor:** | a. List the value of the entire Property:   $ | Amount of Secured Claim After Avoidance (line \f\) |
| **Proof of Claim Number** (if a claim is filed): | b. List the total value of all mortgage lien(s) and other unavoided lien(s) or security interest(s) encumbering the Property:   $ | Interest Rate (if applicable):   % |
| **Lien / Non-PPM Security Interest Identification** (For a judicial lien, provide the recording information for the instrument that gave rise to the judicial lien, including the date of the recording, the book and page numbers or instrument number, and the county of the recording office. For a Non-PPM security interest, list the date of the security agreement, the UCC filing number, or other identifying information.): | c. Subtract line \b\ from line \a\ (This is referred to as the \Equity\.):   $ | Monthly Fixed Payment on Secured Claim: |
| | d. If Debtor(s) are the sole owner(s) of the Property, list the entire amount from line \c\. If there are additional owner(s), calculate Debtor(s)' share of the Equity (e.g., divide line "c" by the number of owners) and list that amount:   $ | Monthly Fixed Payment to Begin: |
| **Description of Property** (the \Property\) (For a judicial lien, \the real and personal property of the judgment debtor situated in the count(ies) where the judgment lien is recorded\ may be a sufficient property description. For a Non-PPM security interest, describe the items pledged as collateral for the claim.): | e. List the total amount of all available exemption(s):   $ | *DO NOT USE THIS CHART FOR JUDICIAL LIENS OR NON-PPM SECURITY INTERESTS THAT DEBTOR(S) SEEK TO AVOID IN THEIR ENTIRETY.* |
| | f. Subtract line \e\ from line \d\ (This is the amount of the remaining secured claim):   $ | |
| | g. Amount of the judicial lien or Non-PPM security interest to be avoided:   $ | |
| | h. Subtract line \f\ from line \g\ (This is the portion of the lien or security interest that is avoided.):   $ | |

**3.5 Surrender of collateral.** *Check one*

  ☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

  ☐ **Debtor(s)** elect to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the surrender of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| | |

## Part 4: Treatment of Fees and Priority Claims

**4.1 General.**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2 Chapter 13 case filing fee.** *Check one.*

☐ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.

☒ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3 Attorney's fees.**

The total fee requested by Debtor(s)' attorney is $ 2,800.00____ . The amount of the attorney fee paid prepetition is $ 0.00___ . The balance of the fee owed to Debtor(s)' attorney is $2,800.00___, payable as follows (check one):

☐ $____ at confirmation and $____ per month thereafter until paid in full, or

☒ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

**4.4 Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The other priority claims are listed below. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

| Name of Creditor | Estimated Amount of Claim to be Paid | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|
| | $ | $ | |

**4.5 Domestic support obligations.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced..*

☐ Each of the allowed priority claim(s) listed below is based on a domestic support obligation that is owed to a domestic support obligation claimant (e.g., a former spouse or custodial parent) or based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid in full. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

☐ One or more of the allowed priority claim(s) listed below is based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C. § 1322(a)(4). This plan provision requires that payments in § 2.1 be for a term of 60 months. See 11 U.S.C. § 1322(a)(4). Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

| Name of Creditor | Estimated Amount of Claim to be Paid | Will Claim be Paid in Full? | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|---|
| | $ | ☐ Yes ☐ No | $ | |

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2 Percentage, Base, or Pot Plan.** *Check one.*

☐ **100% Repayment Plan.** This plan proposes to pay 100% of each allowed nonpriority unsecured claim..

☒ **Percentage Plan.** This plan proposes to pay__49___% of each allowed nonpriority unsecured claim.

☐ **Pot Plan.** This plan proposes to pay $_____, distributed pro rata to holders of allowed nonpriority unsecured claims.

☐ **Base Plan.** This plan proposes to pay $_____ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claim will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan.

**5.3**    **Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

     ☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

     ☐ This plan proposes to pay interest at an annual rate of _____% on allowed nonpriority unsecured claims.

**5.4**    **Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

     ☒ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

     ☐ Debtor(s) will maintain the contractual installment payments and cure any default in payments on the nonpriority unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. The allowed claim for the arrearage amount will be paid in full and disbursed by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim or amended proof of claim control over any contrary amount listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Estimated Amount of Creditor's Total Claim | Current Installment Payment | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|
|  | $ | $<br>Disbursed by: | $ |  | $ |  |

**5.5**    **Other separately classified nonpriority unsecured claims.** *Check one.*

     ☒ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

     ☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of Creditor | Basis for separate classification | Treatment | Amount to be paid on the claim | Interest rate (if applicable) |
|---|---|---|---|---|
|  |  |  | $ | % |

## Part 6:    Executory Contracts and Unexpired Leases

**6.1**    **The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured.** *Check one.*

     ☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

     ☐ **Assumed items.** Current installment payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Arrearage payments will be disbursed by the trustee. The final two columns include only payments disbursed by the trustee rather than by Debtor(s). Unless otherwise ordered, the amounts listed on a proof of claim or amended proof of claim control over any contrary amounts listed below as to the estimated amount of the current installment payment and arrearage.

| Name of Creditor | Description of Leased Property or Executory Contract | Lease Term | Current Installment Payment | Amount of Arrearage to be Paid | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**6.2**    **The executory contracts and unexpired leases listed below are rejected.** *Check one.*

     ☒ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

     ☐ **Rejected items.**

| Name of Creditor | Description of Leased Property or Executory Contract |
|---|---|
|  |  |

## Part 7:    Sequence of Payments

Case 19-81211-CRJ13    Doc 14    Filed 04/22/19    Entered 04/22/19 16:49:51    Desc Main Document     Page 6 of 8

7.1  Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

---

**Part 8:**  **Vesting of Property of Estate**

---

8.1  **Property of the estate will vest in Debtor(s)** (*Check one*):

☐  Upon plan confirmation.

☒  Upon entry of Discharge

---

**Part 9:**  **Nonstandard Plan Provisions**

---

☒  **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

☐  **Nonstandard provisions.** *Nonstandard provisions are required to be set forth below. Nonstandard provisions set out elsewhere in this plan are ineffective. A nonstandard provision is a provision not otherwise included in this district's Local Form or deviating from it. These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.*

---

**Part 10:**  **Signatures**

---

**Signature(s) of Debtor(s)** *(required)*:

✖ /s/Rommie Beau Hill, II       Date  April 22, 2019

✖                               Date

**Signature of Attorney for Debtor(s):**  ✖ /s//s/ J. Thomas Conwell, Jr.       Date  April 22, 2019

Name/Address/Telephone/Attorney  for Debtor(s):

By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.

Case 19-81211-CRJ13     Doc 14     Filed 04/22/19     Entered 04/22/19 16:49:51     Desc Main
Document      Page 7 of 8

```
CB&S Bank
P.O. Box 910
200 Jackson Avenue South
Russellville,AL 35653


CB&S Bank
c/o William M. Hancock, Attorney
905 Bob Wallace Avenue, Suite 100
Huntsville,AL 35801-6504


Citizens Bank & Trust
711 Gunter Avenue
Guntersville,AL 35976


Citizens Bank & Trust
c/o David Lee Jones, Attorney
P. O. Box 940
Guntersville,AL 35976


Credit Acceptance Corporation
25505 W 12 Mile
Southfield,MI 48034


Credit Acceptance Corporation
c/o Zarzaur & Schwartz, PC
P. O. Box 11366
Birmingham,AL 35202


Main Street Rentals
P. O. Box 5117
South Fulton,TN 38257


New Hope Telephone Cooperative
P. O. Box 452
New Hope,AL 35760
```

### CERTIFICATE OF SERVICE

I certify that I have filed the foregoing with the Clerk of this Court using the electronic filing system which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States Mail, on this 22nd day of April, 2019.

/s/ J. Thomas Conwell, Jr.
J. THOMAS CONWELL, JR.
Attorney for Debtor